**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **OMEGA PETROLEUM, LLC** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CASE NO: CV-10-361** |
| | * | |
| **GARY BILLINGSLEY; GULF COAST** | * | |
| **MINERAL, LLC; and GULF COAST** | * | **JURY TRIAL DEMANDED** |
| **LAND & LEASING SERVICES, LLC** | * | |
| | * | |
| **Defendant.** | * | |

**COMPLAINT**

COMES NOW the Plaintiff in the above-styled matter, by and through counsel of record, and avers the following:

Parties, Jurisdiction and Venue

1.      Plaintiff Omega Petroleum, LLC ("Omega") is a limited liability company formed under the laws of the State of Florida, and not of Alabama.  It was formerly known as Columbia Petroleum Exploration (CPX), LLC.  Omega's members are:  Livingston Investments II, LLC, a Florida limited liability company; Foley Drilling, LLC, a Florida limited liability company; Finomega, LLC, a Florida limited liability company; and Parkland Energy Services, Ltd., a public company organized in and having its principal place of business in Canada, and not in Alabama.  Foley Drilling, LLC has a single member, English Distribution, Inc., a corporation incorporated in the State of Florida and having its principal place of business in Florida, and not in Alabama.  Finomega, LLC, has a single member, Finomega, SA, a Luxembourg Societé Anonyme (joint stock company corporation), incorporated in the Grand Duchy of Luxembourg

and having its principal place of business there, and not in Alabama.  Livingston Investments II, LLC, has three members:  English Distribution, Inc.; TBN, LLC, whose sole member is Oded Meltzer, a resident citizen of Florida; and Second Chance Management, Inc., a corporation organized in and having its principal place of business in Florida, and not in Alabama.  As demonstrated, the Plaintiff and all of its members are resident citizens of states or nations other than the State of Alabama.

2.      Defendant Gary Billingsley ("Billingsley") is a resident citizen of Baldwin County, in the State of Alabama, and is over the age of 19 years.

3.      Defendant Gulf Coast Mineral, LLC ("GCM") is a limited liability company formed under the laws of the State of Alabama, with its principal place of business located at 18720 Charolais Road, Foley, Alabama 36535.  Upon information and belief, its member is Patricia A. Billingsley, a resident citizen of the State of Alabama.  Billingsley is the manager of GCM.

4.      Defendant Gulf Coast Land & Leasing Services, LLC ("GCLLS") is a limited liability company formed under the laws of the State of Alabama, with its principal place of business located in Baldwin County Alabama.  Upon information and belief, its members are Billingsley and Patricia Billingsley, each of whom is a resident citizen of the State of Alabama.

5.      The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs.

6.      A substantial part of the events or omissions giving rise to the claims occurred in the judicial district of the Southern District of Alabama.

7.      Subject matter jurisdiction over this action exists under the provisions of 28 U.S.C. § 1332, on account of complete diversity of citizenship between the parties and amount in controversy.

8.      Venue of this case is proper in this district under the provisions of 28 U.S.C. § 1391.


FACTS

The Nick Ross #2 Well

9.      Columbia Petroleum, LLC is the operator of a producing oil well, called the Nick Ross 24-11 #2 Well, located in the Little Cedar Creek Field, Conecuh County, Alabama (the "Nick Ross #2").  Omega directly or through affiliated entities has had an interest in operations associated with said well.

10.     In the summer of 2009, questions about mineral and leasehold titles in the producing unit for the Nick Ross #2 Well were identified.  Plaintiff Omega, on behalf of the owners of working interest in the Nick Ross #2 Well, operated by Columbia Petroleum, LLC, engaged Defendants Billingsley and GCM to research and seek to clarify the status of title to the subject properties and to obtain in standard form any needed oil and gas leases from the owners of unleased minerals, for the benefit of the parties owning working interest in the well, which Billingsley and GCM agreed to do.

11.     Confidential title documentation and work product prepared by Greg Albritton, Esq., counsel for Columbia Petroleum, LLC and other interest owners, were provided to Billingsley and GCM, in confidence, for their use in furtherance of the agency and the assignment.

12.     On or about July 31, 2009, Billingsley, through counsel, formed GCLLS.

3

13.     Subsequently, GCLLS began billing Omega for the work of its landmen in connection with their title and leasing work as it related to the Nick Ross #2 Well.

14.     Omega paid a total of, to-wit, $55,000.00 to GCLLS over the course of approximately six months in connection with title and leasing work for the Little Cedar Creek Field.

15.     In the meantime, Billingsley and GCM began acquiring and securing for themselves, and for their personal benefit, allegedly unleased mineral rights in Little Cedar Creek Field, to the detriment of Omega and Columbia Petroleum, LLC.

16.     Billingsley, GCM, and GCLLS failed or refused to secure any standard oil and gas leases on mineral interests in Little Cedar Creek Field for the benefit of the owners of working interest therein, as they were hired, had agreed, and were paid to do.

17.     As to those mineral interests secured by Billingsley and GCM, Billingsley and GCM have refused to execute and tender a standard lease agreement to Columbia Petroleum, LLC, for the benefit of the working interest owners in Little Cedar Creek Field, as contemplated in the business arrangement with Omega, instead extortionately demanding, in exchange for a commercially unreasonable form of lease, concessions or considerations which were not owed to them.

18.     Defendants' conduct regarding Little Cedar Creek Field mineral interests was wrongful.

CAUSES OF ACTION

Count One
(Breach of Fiduciary Duty)

19.     The Plaintiff re-alleges and adopts the foregoing paragraphs, and incorporates the same by reference as if set out fully herein.

20.     As agents hired by or on behalf of Omega, each of the Defendants owed and owe a fiduciary duty to the Plaintiff.

21.     In accordance with their fiduciary duties of loyalty, care, good faith and fair dealing, the Defendants were and are obligated to refrain from participating in any transactions where their loyalties are divided, participating in any transaction where they receive a personal financial benefit, or unjustly enriching themselves at the expense of or to the detriment of the Plaintiff.

22.     Defendants, separately and together, breached fiduciary duties owed to the Plaintiff, engaged in self-dealing, and obtained for themselves personal benefits.

23.     By reason of the foregoing acts, practices, and course of conduct, Defendants have failed to exercise the required care and diligence in the exercise of their fiduciary obligations toward the Plaintiff, and have breached the confidential relationship arising therefrom, thereby causing damage to the Plaintiff.

24.     Defendants converted to their own use property and/or business opportunities belonging in whole or in part to the Plaintiff, or held and controlled by them for the benefit of the Plaintiff.

25.     Defendants had an obligation to communicate material facts because of their confidential and fiduciary relationships with the Plaintiff, and because of the particular circumstances of this case.  The Plaintiff was harmed because these Defendants concealed,

suppressed, hid, or withheld material facts concerning their conduct.  The Plaintiff did not know of the important facts, and was harmed as a result.

26.     The Defendants committed deceit and promissory fraud by suggesting facts they believed not to be true, or by asserting facts with no reasonable ground for believing them to be true, or suppressed facts that they were bound to disclose, or gave information of other facts that were likely to mislead for want of communication of material facts, or made a promise to the Plaintiff without any intention of performing it.  The Defendants willfully deceived the Plaintiff with the intent to induce it to alter its position to its injury or risk, and they are liable for the damage the Plaintiff thereby suffered.

<u>Count Two</u>
(Accounting)

27.     The Plaintiff re-alleges and adopts the foregoing paragraphs, and incorporates the same by reference as if set out fully herein.

28.     The property rights and interests described herein involve the existence of a fiduciary relationship between the Defendants and the Plaintiff.  The ownership and status of these assets are complicated matters and difficult to trace or determine because of the Defendants' control of the transactions affecting the Plaintiff's interest.

29.     The correct amount of money, assets, and/or interests due the Plaintiff cannot be ascertained without an accounting of the various properties or assets controlled by these Defendants.

30.     An accounting is necessary to determine the benefits derived by these Defendants from transactions as to which there was a fiduciary duty to the Plaintiff.

## Count Three
(Unjust Enrichment)

31.     The Plaintiff re-alleges and adopts the foregoing paragraphs, and incorporates the same by reference as if set out fully herein.

32.     Defendants came into possession of property rights and/or received money, or its equivalent, arising from the fiduciary relationship between the parties, which, under such circumstances, Defendants ought not be allowed to retain in equity and good conscience. Defendants have been unjustly enriched at the expense of the Plaintiff, and Defendants should be required to account for and make restitution to Plaintiff of all such amounts and property interests obtained as relate to Little Cedar Creek Field, Conecuh County, Alabama, including the delivery of standard oil and gas leases for such mineral interests acquired, held, or claimed to be held by Defendants.

## Count Four
(Negligence)

33.     The Plaintiff re-alleges and adopts the foregoing paragraphs, and incorporates the same by reference as if set out fully herein.

34.     Each of the Defendants failed to use reasonable care to prevent harm to the Plaintiff.  The Defendants acted in a way that a reasonably prudent person would not do in a similar situation, or failed to do something that a reasonably prudent person would have done in a similar situation, proximately causing damage to the Plaintiff as herein described.

## Count Five
(Wantonness)

35.     The Plaintiff re-alleges and adopts the foregoing paragraphs, and incorporates the same by reference as if set out fully herein.

36.     With reckless indifference to the consequences, Defendants consciously used information provided by Plaintiff in confidence to usurp and frustrate Plaintiff's business objective and being conscious that, from such actions, injury would likely or probably result to Plaintiff.

37.     Defendants' actions did, in fact, injure the Plaintiff through Defendants' refusal to deliver mineral leases as contemplated for Little Cedar Creek, Conecuh County, Alabama, and by causing Plaintiff to pay for services Defendants agreed to provide but did not.

38.     By engaging in such actions and practices, the Defendants have engaged and continue to engage in repeated wanton acts and practices in violation of Alabama common law, proximately causing damage to the Plaintiff as herein described.

39.     Defendants' conduct was and is knowing, intentional, gross, oppressive, malicious, fraudulent and/or committed with the intention to cause injury.

<u>Count Six</u>
(Equitable Relief:  Constructive Trust and other Equitable Relief)

40.     The Plaintiff re-alleges and adopts the foregoing paragraphs, and incorporates the same by reference as if set out fully herein.

41.     Plaintiff claims an equitable interest in all real property, mineral, and leasehold interests connected to Little Cedar Creek Field, Conecuh County, Alabama that is or has been under Defendants' control.

42.     Plaintiff seeks imposition of a constructive trust on all funds or property of Defendants, including mineral interests, that involve holdings, distributions, profits, or proceeds retained or obtained through their breach of fiduciary duties to Plaintiff or through any other misconduct.

43.     The constructive trust should include, at minimum, standard leases for those mineral interests acquired, held, or claimed by Defendants in Little Cedar Creek Field, Conecuh County, Alabama.

44.     Plaintiff is entitled to the disgorgement, rescission, and restitution of all holdings, distributions, profits, or proceeds obtained by Defendants related to and resulting from their misconduct.

<u>Punitive Damages</u>

45.     The Plaintiff re-alleges and adopts the foregoing paragraphs, and incorporates the same by reference as if set out fully herein.

46.     Each of the Defendants:

a.      engaged in intentional misrepresentation, deceit, or concealment of a material fact that the concealing party had a duty to disclose, which was gross, oppressive, or malicious and committed with the intention on the part of the Defendants of thereby depriving the Plaintiff of property or legal rights or otherwise causing injury;

b.      intentionally did a wrongful act without just cause or excuse, either with an intent to injury the Plaintiff or its property, or under such circumstances that the law will imply an evil intent; or

c.      engaged in conduct which was carried on with a reckless or conscious disregard of the rights of the Plaintiff; or

d.      subjected the Plaintiff to cruel and unjust hardship in conscious disregard of its rights.

47.     The Plaintiff is entitled to punitive damages because the Defendants consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the Plaintiff.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against the Defendants, and each of them, respectively, in accordance with the foregoing Counts against them, as follows:

a.      for a full and complete account of all of Defendants' actions conducted in a fiduciary or confidential relationship with Plaintiff, including an account as to all monies and property interests received and disbursed by Defendants, all investments made by Defendants, all income collected by Defendants, and all charges for compensation made by Defendants against such properties, as the foregoing relate to Little Cedar Creek Field, Conecuh County, Alabama, and any other transaction in which Defendants maintained a fiduciary or confidential relationship with Plaintiff;

b.      for the monies and/or property interests found to be due from the Defendants to the Plaintiff as a result of such accounting;

c.      for actual compensatory damages in an amount of not less than $75,000 and for the interest on any amount owed;

d.      for punitive damages as allowed by applicable law in an amount set by a jury and sufficient to punish the Defendants for their wrongful conduct and to deter wrongful conduct in the future;

e.      for the costs of this action, including reasonable attorney's fees;

f.      for equitable relief imposing a constructive trust and ordering disgorgement, rescission, and restitution; and

10

       g.      for such other, further, and different legal and equitable relief to which the

Plaintiff may prove itself entitled, or as the Court may deem proper.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY
AS TO ALL MATTERS TRIABLE BY JURY.**

              */s/  W. Alexander Moseley*
              W. ALEXANDER MOSELEY    (MOSEW8216)
              WINDY C. BITZER        (BITZW7315)
              HAND ARENDALL LLC
              P.O. Box 123
              Mobile, Alabama 36601
              Phone: 251-432-5511
              Fax:   251-694-6375
              amoseley@handarendall.com
              wbitzer@handarendall.com

              ***Attorneys for Plaintiff Omega Petroleum LLC***

## <u>NOTE TO CLERK</u>

Please serve Defendants by certified mail, return receipt requested, at the following addresses:

GARY BILLINGSLEY
136 Cove Avenue
Gulf Shores, Alabama   36542

GULF COAST MINERAL, LLC
c/o Patricia A. Billingsley, Registered Agent
302 West 8th Street
Gulf Shores, Alabama   36542

GULF COAST LAND & LEASING SERVICES, LLC
c/o Gary Billingsley, Registered Agent
136 Cove Avenue
Gulf Shores, Alabama   36542

1103596_1